11 THIBODEAUX, Judge.
The State of Louisiana appeals the trial court’s judgment of general damages of $25,-000.00 to a minor who suffers from post-traumatic stress syndrome as a result of an assault in a department store.
Because we find no abuse of discretion, we affirm the trial court’s judgment.

laISSUE

The issue presented for review is whether the trial court abused its discretion in awarding general damages of $25,000.00 for post-traumatic stress syndrome.

FACTS

On January 9, 1998, twelve year old Norma Dush went into Nichols Department Store in Leesville while her mother shopped next door. Norma was in the toy department when Todd Lopez approached her and grabbed her. Todd Lopez is a nineteen year old retarded male resident of the Leesville Development Center. Norma screamed and *364 ran to the front of the store to meet her mother, Marcia Dush, who said her daughter was shaking and speechless.
Mrs. Dush testified her daughter’s problems began after the accident. Her daughter was experiencing nightmares, having crying spells and difficulty sleeping. Norma could not be alone, and did not want to go to school. Within a few days of the incident, Mrs. Dush brought Norma to the Psychology Clinic.
Dr. Patricia Post, a psychologist, and Ms. Terri Theaux, a licensed professional counselor, conducted a psychological evaluation of Norma. Ms. Theaux’s initial impression was that Norma was overanxious with a heightened sense of anticipation of danger. After further testing and evaluation, Dr. Post and Ms. Theaux diagnosed Norma’s problem as post-traumatic stress disorder.
Post-traumatic stress disorder is defined as an anxiety disorder caused by exposure to a traumatic event in which the person experiences or witnesses an actual or perceived threat to self or others. In Norma’s case, the disorder is characterized by her intense fear, feelings of helplessness, nightmares, sense of danger, and psychological distress when separated from her mother. Her therapists Igdiagnosed Norma’s degree of post-traumatic stress disorder as mild to moderate. At the time of trial, Norma was still seeing Ms. Theaux for therapy.
Ms. Theaux felt Norma’s coping skills were improving, but she was still having problems. The recurrent theme in Norma’s fears is an adult male accosting her and hurting her. Though Ms. Theaux knew of two past traumatic experiences in Norma’s life, she feels her current fears and problems were related to the incident at the department store. When the initial diagnosis of post-traumatic stress disorder was made, Ms. Theaux characterized Norma’s degree of anxiety at 4 on a 1-10 scale; at trial, she concluded that, after working with Norma for two years, she would assess her anxiety at a higher level initially.
The state’s expert, Dr. John C. Simoneaux, a psychologist, examined Norma in April, 1994. When Dr. Simoneaux examined Norma, she had been in therapy for over one year. After conducting a battery of psychological testing, he determined the incident in the department store had some impact on her current condition. He felt it was difficult to establish which stressor was the central cause of Norma’s current problems. Stres-sors cumulate and become more problematic. Norma was sexually abused when she was five; her father died when she was six. Dr. Simoneaux said the incident at the department store alone would have been severe, and was made even more severe by her previous experiences of sexual molestation and loss of a parent. Dr. Simoneaux agreed with Norma’s therapists’ diagnosis of post-traumatic stress disorder.
Though he noted it was difficult to distinguish the effects of the various stressors in Norma’s life, the trial judge found she was able to cope with the situations she encountered until the incident in the department store. Prom the date of the incident she manifested symptoms of extreme fear and anxiety. The judge | moted a tortfeasor takes his victim as he finds her. In Norma’s ease, this incident affected her greatly. He noted the therapists conceded she will have problems through adolescence and possibly beyond her adolescent years in her relations to males, and determined an award of $25,-000.00 general damages was appropriate. The trial judge awarded $2,261.00 for past medical expenses, and $1,500.00 for future medical expenses.
The trial was solely on the issue of quantum. The state appeals the general damages award.

LAW AND DISCUSSION

The supreme court outlined the standards which guide appellate review of general damage awards in Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993). In Youn, the court reiterated the role of an appellate court in reviewing general damage awards is not to decide what it considers to be an appropriate award, but to instead review the exercise of discretion of the trier of fact. Each case is different, and the adequa *365 cy of an award should be determined by particular facts or circumstances.
The court continued:
The initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the ‘much discretion’ of the trier of fact. Only after such a determination of an abuse of discretion is a resort to prior awards appropriate and then for the purpose of determining the highest or lowest point which is reasonably within that discretion.
The standard for appellate review of general damage awards is difficult to express and is necessarily non-specific, and the requirement of an articulated basis for disturbing such awards gives little guidance as to what articulation suffices to justify modification of a generous or stingy award. Nevertheless, the theme that emerges from Gaspard v. LeMaire, 245 La. 239,158 So.2d 149 (1963) through Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), and through Reck to the present case is that the discretion is vested in the trier of fact is ‘great,’ and even vast, so that an appellate court should rarely disturb an award of general damages.
Youn, 623 So.2d 1257, 1260-1261. (Citations omitted).
Though the experts did not agree about the impact of this particular incident as related to her past traumatic experiences, they agreed the assault exacerbated Norma’s problems. The state’s expert also agreed with her treating therapists’ diagnosis of post-traumatic stress disorder. As the trial judge noted, the tortfeasor takes his victim as he finds her.
In this ease, we find no abuse of discretion in the trial court’s general damages award. The trial judge’s ruling had a reasonable basis and is amply supported by the record. Because we find no abuse of discretion, we will not disturb the damages award.

DECREE

For the above reasons, we affirm the trial court’s ruling. Costs in the amount of $724.43 are assessed to the state.
AFFIRMED.
KNOLL, J., dissents and assigns reasons.